# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2011

No. 10-51060
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS SAENZ-RAMIREZ, also known as Carlos Augusto Saenz-Ramirez, also known as Carlos Saenz Ramirez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1909-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Saenz-Ramirez pleaded guilty to one count of attempted illegal reentry, in violation of 8 U.S.C. § 1326, and one count of improper use of another's passport, in violation of 18 U.S.C. § 1544. The district court sentenced him to 70 months in prison, within the guidelines range of 70 to 87 months. Saenz-Ramirez challenges the substantive reasonableness of his sentence, arguing that his sentencing range was greater than necessary to meet 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(a)'s goals of providing just punishment, that it overstated the seriousness of his offense, and that it failed to take into account mitigating factors. Specifically, Saenz-Ramirez argues that his offense of reentry was "at bottom, an international trespass." He continues that § 2L1.2 of the United States Sentencing Guidelines places heavy emphasis on a prior conviction, counting it for both criminal history and the 16-level enhancement. He also argues that his disadvantaged background, prison record, cultural assimilation, and desire to be with his family all mitigate the seriousness of his offense.

We review sentences for reasonableness, employing a deferential abuse-of-discretion standard, and we presume that a sentence within a properly calculated guidelines range is reasonable. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). The purported double-counting and lack of empirical basis for § 2L1.2 do not necessarily render a within-guidelines sentence unreasonable. *See, e.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We likewise see no abuse of discretion in the court's rejection of Saenz-Ramirez's contention that illegal reentry–a federal felony carrying significant criminal penalties–is merely an international trespass, nor do we discern any improper weighing of the other factors cited by Saenz-Ramirez, including his personal history and characteristics. *See Cooks*, 589 F.3d at 186. The district court considered Saenz-Ramirez's arguments, the facts of the case, and the appropriate statutory sentencing factors before concluding that a within-guidelines sentence was appropriate. That determination is owed deference, and Saenz-Ramirez's disagreement with the district court's assessment of those factors is insufficient to rebut the presumption that the sentence is reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

As Saenz-Ramirez concedes, his contention that because § 2L1.2 is not empirically based, the presumption of reasonableness should not apply, is foreclosed. *See Duarte*, 569 F.3d at 530-31; *United States v. Mondragon-*

No. 10-51060

*Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009).  As he further concedes, his argument that the lack of a "fast-track" disposition program in the Western District of Texas creates an unwarranted sentencing disparity is also foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008).

AFFIRMED.